**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
────────────────────────────────────

**ANDRE SMITH,**

                Petitioner,         07 Civ. 7174 (JGK)

      - against -                  <u>OPINION AND ORDER</u>

**JAMES T. CONWAY,**

                Defendant.
────────────────────────────────────

**JOHN G. KOELTL, District Judge:**

This is a motion to dismiss a petition for habeas corpus as untimely. The petitioner, Andre Smith, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction after a jury trial on various offenses including murder in the second degree. He is currently serving a sentence of 120 years to life.

**I.**

The petitioner was convicted after a jury trial in the New York State Supreme Court, New York County, of three counts of Murder in the Second Degree, one count of Robbery in the First Degree, three counts of Robbery in the Second Degree, and one count each of Criminal Possession of a Weapon in the Second and Third Degrees. Judgment was entered on July 29, 2002. The petitioner appealed, contending that his confession was involuntary, that the trial court unduly limited his questioning

of prospective jurors, and that his sentence was excessive.  On
January 24, 2006, the Appellate Division affirmed the
petitioner's conviction.  See People v. Salley, 808 N.Y.S.2d
664, 665 (App. Div. 2006). Judge Graffeo of the New York Court
of Appeals denied leave to appeal on March 28, 2006.  See People
v. Smith, 847 N.E.2d 383, 383 (N.Y. 2006). The habeas petition
before the Court was received by the Pro Se office on July 19,
2007, and is considered to have been filed on July 12, 2007, the
date on which the defendant declares he delivered it to prison
authorities to be mailed.  See Houston v. Lack, 487 U.S. 266,
273-76 (1988)(setting forth prison mailbox rule).

**II.**

**A.**

The Anti-Terrorism and Effective Death Penalty Act of 1996
("AEDPA"), 28 U.S.C. § 2244, imposes a one-year statute of
limitations on an application for a writ of habeas corpus.  28
U.S.C. § 2244(d)(1).  This one-year period generally runs from
the date on which the judgment becomes final by the conclusion
of direct review or the expiration of time to seek such review.
Id.

The New York Court of Appeals denied the petitioner leave
to appeal his sentence on March 28, 2006.  Accordingly, the
judgment became final on June 26, 2006, upon the expiration of

the ninety-day period during which the petitioner could have sought a writ of certiorari from the United States Supreme Court.  See Williams v. Artuz, 237 F.3d 147, 148—49 (2d Cir. 2001)(establishing when judgment becomes final for purposes of 28 U.S.C. § 2244(d)(1)).

AEDPA's one-year statute of limitations expired one year from this date, on June 26, 2007, and the petition, filed on July 12, 2007, is therefore untimely.  The petitioner argues that the petition should be deemed timely filed under the doctrine of equitable tolling.

**B.**

Equitable tolling applies only "in the rare and exceptional circumstance[]."  Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000)(internal quotation marks and citation omitted). In order to qualify for equitable tolling, the petitioner must establish "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)(internal citation omitted); see also McGinnis, 208 F.3d at 17 (internal citation omitted).

The petitioner offers an unusual explanation for his failure to comply with the AEDPA deadline.  Based upon all of the records, including the affidavits submitted by the

petitioner, it appears that the former foreperson of the petitioner's jury, Lynne Harriton, became interested in his case and was offended by the fact that the sentence for the petitioner was the same as that for his co-defendant, who allegedly pulled the trigger.

According to the petitioner, Ms. Harriton offered to acquire the assistance of legal counsel to file his § 2254 petition. The petitioner admits that he did not see the petition before it was filed. Ms. Harriton filed a petition with the Pro Se Clerk's Office on June 28, 2007. (See Ex. A to Pet'r Aff.) On July 2, 2007, the Pro Se Clerk returned the petition to Ms. Harriton and explained, according to both the petitioner and a signed affidavit submitted by Ms. Harriton, that the petition was defective because it was not signed and that the petitioner still had time, but not too much time, to submit the petition. (See Pet'r. Aff. ¶ 5; Harriton Aff. ¶ 13.) Ms. Harriton sent the returned petition to the petitioner, which he received on or about July 7, 2007. (Pet'r Aff. ¶ 6.) The petitioner corrected the petition, including eliminating certain claims which were not exhausted, and mailed a new petition on July 12, 2007, received by the Pro Se Office on July 19, 2007. (Id. ¶¶ 8, 9.)

According to his affirmation, it was the petitioner's understanding that he either had time to sign and return the

petition to the Court, or that his petition was deemed filed with the Court on June 28, 2007. (Id. at ¶ 9.) The petitioner argues that the Pro Se Clerk should have entered the petition filed by Ms. Harriton on the docket pursuant to Rule 3(b) of the Rules Governing Section 2254 cases, which provides that the court clerk "must file" a petition and "enter it on the docket" regardless of whether it complies with the provisions of Rule 2(c). He asks that the time that elapsed between the filing of the first petition and his subsequent petition should be deemed equitably tolled.

C.

Equitable tolling is not appropriate in this case. At the outset, the petition filed by Ms. Harriton was itself late. Although the Court of Appeals for the Second Circuit has allowed equitable tolling where it found that "extraordinary circumstances" prevented a party from timely performing a required act, the petitioner does not supply any justification for the lateness of the petition filed by Ms. Harriton. Although Ms. Harriton's affidavit asserts that she was told by an employee at the Clerk's Office that "the one year and ninety-day date after the Denial of Leave to Appeal of March 28, 2006 was August 28, 2007," determination of that date required a

simple calculation that was within the ability of both Ms. Harriton and the petitioner to determine.

Ms. Harriton's explanation that she was misled by the Pro Se Office does not rise to an exceptional circumstance. The one year and ninety-day period expired June 26, 2007. Any assurance by the Clerk's Office to the contrary does not entitle the petitioner to relief under the doctrine of unique circumstances, "which only applies where a party performs an act which would otherwise postpone the deadline for filing his appeal <u>and</u> the district judge gives specific assurances concerning the timeliness of a post-judgment motion." <u>Fruit of the Loom, Inc. v. America Mktg. Enters., Inc.</u>, 192 F.3d 73, 76-77 (2d Cir. 1999)(emphasis in original)(internal quotation marks and citation omitted). That doctrine concerns affirmative conduct by a judicial officer, which the Court of Appeals has determined does not include oral communications from a member of the Clerk's Office. <u>See</u> <u>Rezzonico v. H & R Block, Inc.</u>, 182 F.3d 144, 152 (2d Cir. 1999)(holding oral communications of a member of the Clerk's Office are not official judicial assurances qualifying as unique circumstances.). Moreover, there is no allegation that Ms. Harriton communicated the Clerk's statement to the petitioner, and the petitioner did not rely on that statement in his explanation for why he did not comply with the one-year time limit. Rather, he claimed in response to item 14,

"Timeliness of Petition": "The petitioner's petition was initially mailed to this Court Building by a Ms. Lynne Harriton as a 'Next Friend.' However this Court returned the petition to her because the petitioner had to sign the petition papers."

That the petitioner relied upon Ms. Harriton to file a timely petition does not create an extraordinary circumstance. Even error by an attorney, on whom a petitioner's reliance would presumably be more reasonable, will not create the extraordinary circumstance necessary to allow for equitable tolling. See Smaldone v. Senkowski, 273 F.3d 133, 138 (2d Cir. 2001) ("This Circuit, like her sisters, has found attorney error inadequate to create the 'extraordinary' circumstances equitable tolling requires."); see also Coleman v. Thompson, 501 U.S. 722, 753 (1991)("Attorney ignorance or inadvertence is not cause because the attorney is the petitioner's agent when acting, or failing to act, in furtherance of the litigation, and the petitioner must bear the risk of attorney error.)(internal quotation marks and citations omitted).

Additionally, the fact that the filing was only two days late is not itself a basis for equitable tolling. See United States v. Locke, 471 U.S. 84, 101 (1985) ("If 1-day late filings are acceptable, 10-day late filings might be equally acceptable, and so on in a cascade of exceptions that would engulf the rule erected by the filing deadline; yet regardless of where the

cutoff line is set, some individuals will always fall just on the other side of it.")(concerning mining claims extinguished under the Federal Land Policy and Management Act); see also Carlisle v. United States, 517 U.S. 416, 430 (1996) (holding defendant that moved one day late for judgment of acquittal was procedurally barred).

Moreover, extraordinary circumstances cannot be demonstrated where the petitioner, acting with reasonable diligence, could have filed his petition within the time limits despite the alleged "extraordinary circumstance." See Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000)("The word 'prevent' requires the petitioner to demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances."). As stated above, the one year and ninety-day time limit could have been calculated by the petitioner. The petitioner's pro se status does not excuse his failure to submit a timely petition. See Doe v. Menefee, 391 F.3d 147, 175 (2d Cir. 2004)("[P]ro se status does not in itself constitute an extraordinary circumstance meriting tolling..."). When given notice that the petition filed by Ms. Harriton was rejected, the petitioner promptly submitted a proper petition.

He asserts no reason, beyond his dependence upon Ms. Harriton, that he was unable to do so in a timely manner.

**D.**

In any event, it appears that the petition filed by Ms. Harriton was jurisdictionally defective. It was filed without authorization from the petitioner, who believed that Ms. Harriton was going to enlist the assistance of legal counsel. It is not signed by the petitioner, but by Ms. Harriton, who is not an attorney. It is doubtful that a next friend could act pro se on behalf of a petitioner. See Clark v. Burge, No. 06 Civ. 658, 2007 WL 1199475, at *2 (W.D.N.Y. Apr. 19, 2007). In any event, Ms. Harriton could not act as next friend for the petitioner. The Supreme Court has established two requirements that must be met in order to qualify for "next friend" standing: first, a next friend must "provide an adequate explanation, such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action," and second, the next friend must be "truly dedicated to the best interests of the person on whose behalf he seeks to litigate." Whitmore v. Arkansas, 495 U.S. 149, 163-64 (1990); see also Ross ex rel. Dunham v. Lantz, 408 F.3d 121, 123 (2d Cir. 2005).

Ms. Harriton attached a cover letter to the petition she filed on June 28, 2007, which explained that she had formed a close relationship with the petitioner rising to that of surrogate mother; that she has his transcripts, birth certificate, and instructions for his funeral, that she helped his child attain a scholarship for a prepatory school, and that he calls her "Ma". (See Ex. B to Pet'r Aff.)

However, assuming she qualifies as next friend under the second requirement, she nonetheless failed to demonstrate that the petitioner was unable to act in his own interest and file the petition. The explanation for why she was filing the petition was that the petitioner "cannot do this" because it was "impossibly hard", and that the petitioner was missing whole sections of the transcript from his court proceedings. (See id.) This does not amount to an adequate justification. As noted above, the petitioner's pro se status is not an excuse, and the fact that portions of the transcript were missing apparently did not prevent the petitioner from filing a facially proper petition on his own behalf three weeks later. When an application for habeas corpus filed by a would-be "next friend" fails to set forth an adequate reason or explanation of the necessity for resort to the next friend device, the application is jurisdictionally defective. See Clark, 2007 WL 1199475, at

*3. Therefore, the Clerk properly rejected the petition filed by Ms. Harriton as jurisdictionally defective.

**E.**

When deciding whether a particular set of circumstances calls for equitable tolling, the Second Circuit Court of Appeals has stated, "[w]e think the proper inquiry is not how unusual the circumstance alleged to warrant tolling is among the universe of prisoners, but rather how severe an obstacle it is for the prisoner endeavoring to comply with AEDPA's limitations period." Diaz v. Kelly, 515 F.3d 149, 154 (2d Cir. 2008). The circumstances that led to the petitioner's untimely filing of his petition, though unusual, do not amount to a showing that the petitioner would have been unable to timely file a petition through the exercise of due diligence. Therefore, equitable tolling is not appropriate in this case.[1]

**CONCLUSION**

For all the reasons explained above, the petitioner's application for a writ of habeas corpus is **dismissed**. The Court declines to issue a certificate of appealability pursuant to 28

---

[1] While the question of whether the Constitution requires an exception to the AEDPA statute of limitations for claims of actual innocence remains an open question in the Second Circuit, see Whitley v. Senkowski, 317 F.3d 223, 225 (2d Cir. 2003), the allegations in the petition do not suggest that this is a case where the petitioner is making a claim of actual innocence.

U.S.C. § 2253(c) because the petitioner has failed to make a substantial showing of the denial of a constitutional right. The Clerk is directed to enter judgment in favor of the respondent and to close this case.

**SO ORDERED.**

Dated: New York, New York
June 24, 2008

_____
John G. Koeltl
United States District Judge